# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY J. CUNNINGHAM, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16−cv−1360−MJR |
| ) | |
| **JOHN DOES 1-12** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Timothy Cunningham brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that allegedly occurred in Pickneyville Correctional Center. Plaintiff seeks monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

1

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Court initially reviewed this case on February 7, 2017, at which time it severed many of the claims into separate lawsuits because they involved different conduct and defendants. (Doc. 10).  The Court will now review the remaining 3 claims in this lawsuit.  Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Between June 8 and June 10, 2014, John Does 1 through 6 packed up Plaintiff's property from cell R2C32 at Pickneyville.  (Doc. 1, p. 6).  When Plaintiff's property was returned to him, he was missing 48 items.  *Id.*  Plaintiff was also missing trial transcripts and the "common law" record.  *Id.*  He alleges that he was unable to properly file a habeas corpus petition without these documents.  *Id.*

Plaintiff's property was packed up again on September 24, 2014 at Pickneyville Correctional Center for a transfer to Lawrence Correctional Center, which occurred on

September 25, 2014.  *Id*.  Plaintiff's property arrived at Lawrence on October 18, 2014.  *Id.* Several items of Plaintiff's property were broken.  *Id*. Plaintiff received the bulk of his property at Lawrence on October 31, 2014, and the remainder on December 1, 2014.  (Doc. 1, p. 7). Plaintiff holds John Does #7-12 responsible for this chain of events.  *Id.*

## Discussion

The severance Order left 3 claims in this case:

**Count 1** – John Does 1-6 violated Plaintiff's due process rights in violation of the Fourteenth Amendment when they lost 48 items of Plaintiff's property after packing it up between June 8, 2014 and June 10, 2014 at Pickneyville Correctional Center;

**Count 2** – John Does 1-6 denied Plaintiff access to the courts in violation of the First Amendment when they lost a trial transcript and the "common law" record while packing up Plaintiff's property between June 8, 2014 and June 10, 2014 at Pickneyville Correctional Center;

**Count 3** – John Does 7-12 violated Plaintiff's due process rights in violation of the Fourteenth Amendment when they lost or broke several items of Plaintiff's property after packing it up for his transfer to Lawrence Correctional Center on September 25, 2014**;**

All 3 of Plaintiff's Counts fail to state a claim.  **Count 1** and **Count 3** must be dismissed because claims for loss of personal property are not cognizable in Federal Court.  The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law.  To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v.*

*Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).  Thus, to the extent that Plaintiff seeks recompense for his lost or missing property, he must bring a claim there.  **Counts 1 and 3** will be **DISMISSED with prejudice**.

As to **Count 2**, the Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts.  *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).  First, the prisoner must show that prison officials interfered with his legal materials. *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citing *Lewis v. Casey*, 518 U.S. 343, 348 (1996)).  Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868.  That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation.  It does not mean that any delay is a detriment.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).  As relevant to the allegations here, temporary confiscation of documents, without more, fails to demonstrate a violation of the Constitution.  *Devbrow*, 735 F.3d at 587; *Hossman v. Spradin*, 812 F.2d 1019, 1022 (7th Cir. 1987).  Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.  *Kincaid*, 969 F.2d at 603.

To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).  This requires Plaintiff to identify the underlying claim that was lost.  *See*

4

*Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Plaintiff alleges that he was denied access to the Court when he lost access to a trial transcript and the "common law" record. Plaintiff has also alleged that the loss of these records prevented him from filing a timely habeas corpus petition. However, the Court may take notice of public records, like court documents. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 960 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). Plaintiff filed a habeas petition in the Central District of Illinois on March 25, 2015. (Case No. 15-cv-02579, C.D. Ill., Doc. 1). While that case was dismissed because it was untimely, the district judge found that Plaintiff should have filed his habeas petition no later than January 27, 2011. (Case No. 15-cv-02579, C.D. Ill., Doc. 18, p. 5). Plaintiff also presented his claim that the loss of the paperwork in September 2014[1] interfered with his ability to file his petition, and the district judge specifically rejected that argument. *Id*. at 6 ("He claims his paperwork was stolen in September 2014 and that his heart attack occurred the following month. But the statute of limitations began to run on January 27, 2010 and Cunningham makes no attempt to explain any circumstance prior to 2014 that prevented him from filing a petition in this Court."). *Id.*

Plaintiff has not suffered the requisite detriment to state a claim for access to the courts. The Central District found that he had until January 27, 2011 to file his habeas petition. But the documents he complains went missing were not lost until more than 3.5 years later, in June or September 2014. Construing the facts favorably to Plaintiff, the loss of the documents may have

---

[1] Plaintiff has pleaded here that the loss took place in June 2014, but the Court does not believe this discrepancy makes a difference to the analysis.

delayed his habeas filing for 9 months between June 2014 and March 2015, but that does not account for the years-long delay that preceded that time. Plaintiff had already blown his deadline by the time his documents went missing. Furthermore, Plaintiff was given the opportunity to argue that the loss of his documents excused his tardiness. The district court considered that argument, and had they found it meritorious, they could have tolled the statute. But the district court rejected that argument because Plaintiff did not provide any justification for the delay up to the point where the legal documents went missing.

Plaintiff has also not adequately stated how the loss of the documents actually prejudiced him. That is, the connection between the in ability to file a petition and the loss of his trial transcript and "common law" record must be clear. Plaintiff has not provided any reason why he could not proceed with his federal habeas petition and then ask the district court for help securing those documents, which are also a matter of public record, if the district court found those documents necessary to a determination. It is clear that Plaintiff was able to file his habeas action. In the absence of a showing of any prejudice, Plaintiff's claim must be dismissed with prejudice.

## Disposition

IT IS HEREBY ORDERED, that Plaintiff's **Counts 1-3** are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. As the case will be **DISMISSED**, Plaintiff's pending motions for recruitment of counsel and for service of process are **MOOT**. (Doc. 3) (Doc. 4). Plaintiff will be assessed a strike pursuant to § 1915(g) for filing an action that fails to state a claim.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for

leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: February 8, 2017**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**